3551 JPS/JPS HD381                                                           Firm No. 08079

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHERYL CULLEN,                      )
                                    )
        Plaintiff,               )          No.    07 C 7023
                                    )
v.                                  )          Judge Shadur
                                    )
THE HOME DEPOT U.S.A., INC.,        )          Magristrate Judge Valdez
                                    )
        Defendant                )

### NOTICE OF MOTION

TO:      Patrick F. Bradley
             1533 Shermer Road
             Northbrook IL  60062

      PLEASE TAKE NOTICE that on **December 26, 2008** at **9:00 a.m.**, or soon thereafter as counsel might be heard, I shall appear before Honorable Judge Shadur or any other judge sitting in his/her stead presiding in **Courtroom 2303,** United States District Court, Northern District of Illinois, Eastern Division and shall then and there present **HOME DEPOT U.S.A., INC.'S MOTION TO AMEND ITS NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,** a copy of which is attached hereto.

                        Respectfully submitted,


                          s/ Jason J. Friedl
                        Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3531\Motions\NOM001.doc

### AFFIDAVIT OF MAILING

      I, Genevieve Zimmerman, being first duly sworn, upon oath, depose and state that affiant served a copy of the foregoing Notice of Filing and Documents referenced, to all attorneys of record, at their listed addresses, on **December 18, 2007.**

                        s/  Genevieve Zimmerman

SUBSCRIBED AND SWORN to before

me this 18th day of December, 2007.

_____
        s/ Josefina Rojas
        NOTARY PUBLIC

"OFFICIAL SEAL"
Josefina Rojas
Notary Public, State of Illinois
My Commission Expires June 6, 2011

3551 JJF/BSP HD381

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | No.     07 C 7023 |
| v. | ) | |
| | ) | Judge Shadur |
| THE HOME DEPOT U.S.A., INC., | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

### MOTION OF THE DEFENDANT, HOME DEPOT U.S.A., INC., TO AMEND ITS NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and hereby respectfully seeks leave to file its Amended Notice of Removal, and in support thereof, states as follows:

1.      On or about August 23, 2007, there was commenced in the Circuit Court of Cook County, a certain civil action under Case Number: 07 1 008884, in which CHERYL CULLEN (hereinafter, "Plaintiff") is the plaintiff, and HOME DEPOT USA, INC., a Delaware corporation (hereinafter, "Defendant"), is the defendant.[1]

2.      On December 13, 2007, Defendant filed for Removal of said cause of action pursuant to 28 U.S.C.A. '1332, 1441 and 1446.[2]

3.      Said filing inadvertently also referenced a rescinded Local Rule in its introductory paragraph.[3]

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] See, Notice of Removal (without exhibits thereto), attached hereto and incorporated herein by reference as Exhibit "B."
[3] Exhibit B.

4.     Said filing indicated that Plaintiff responded to a Supreme Court Rule 216 Request to Admit on November 9, 2007 wherein she indicated that amount in controversy was sufficient for Removal.[4]

5.     Said filing failed to distinguish for the Court that the Plaintiff's response was mailed on November 9, 2007 but was not received until November 15, 2007 and therefore, Defendant did not have notice of the amount in controversy until November 15, 2007.[5]

6.     A draft of the Amended Notice of Removal was inadvertently uploaded while the immediate motion was being prepared and, as leave was not obtained was improper.

7.     Therefore Defendant now seeks leave of Court to file its attached, Second Amended Notice of Removal (Exhibit "C") to address these issues and provide the Court with a more concise disclosure of the facts that support removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois – Eastern Division.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may be granted leave to file its Second Amended Notice of Removal from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois – Eastern Division.

Respectfully submitted:

HOME DEPOT U.S.A., INC.

By: _____s/ Jason J. Friedl_____

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3551\Motions\Motion to Amend Removal.doc

---

[4] Exhibit B.
[5] Exhibit B.

2

Attorney No. 22071

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

|  |  |
|---|---|
| MRS. CHERYL CULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) **071 008884** |
| vs. | ) |
| | ) |
| | ) |
| THE HOME DEPOT USA, INC. | ) |
| | ) |
| Defendant | ) |

2007 AUG 23 AM 11:22

### COMPLAINT AT LAW

Now comes the plaintiff, MRS. CHERYL CULLEN, by and through her attorney, PATRICK F. BRADLEY, LTD., and for her Compliant at Law against defendant, THE HOME DEPOT USA, INC., states as follows:

1. At all times mattered and relevant hereto defendant, THE HOME DEPOT USA, INC. was a corporation authorized to do business in the State of Illinois under the name "THE HOME DEPOT."

2. That on May 12, 2007 defendant owned, operated, managed and controlled a Home Depot store at 2850 Patriot Boulevard in the Village of Glenview, County of Cook.

3. That on the date aforesaid plaintiff was on the premises occupied by defendant for the purpose of purchasing merchandise from defendant; to wit: flowers. Plaintiff, at all times relevant hereto was a business invitee and was located on the premises in an area where customers were invited to view flowers for sale by defendant.



EXHIBIT
A

4. That on the date aforesaid defendant's agents, servants and/or employees erected or placed various racks displaying flowers for sale to the public in an outdoor area of its store in Glenview, Illinois. Between such racks of displayed flowers were aisles or passageways for customer pedestrian access.

5. That on the date aforesaid, defendant's agents, servants and/or employees placed on the ground an immediately adjacent to one such rack of displayed flowers a hose and reel to water the flowers as needed.

6. At all times material and relevant hereto it was the duty of defendant to make its premises reasonably safe for use by its business invitees and to conduct inspections of its premises to discover dangerous conditions which existed thereon.

7. That notwithstanding the aforesaid duty and contrary thereto, defendant was guilty of one or more of the following careless acts and/or omissions:

> (a) Carelessly placed a watering hose and reel in an aisle or passageway which defendant knew would be used by its business invitees and which created a trip and fall hazard.

> (b) Carelessly failed to conduct periodic inspections of its premises to discover and remedy hazardous conditions.

> (c) Carelessly failed to remove the hose and reel even though defendant knew or should have known that its business invitees would be attracted to viewing the flowers on its display racks and distracted from objects on the ground.

8. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions, plaintiff, while entering one such aisle or passageway, and while viewing flowers on upper shelf of a display rack, was caused to and did trip on a hose extending from a hose reel and was thrown to the ground. In consequence, and as a direct and proximate result of one or more of the careless acts and/or omissions of defendant,

plaintiff sustained severe and permanent injury to her upper right extremity. Said injury has caused plaintiff to incur and become liable for medical and hospital charges and she will with reasonable certainty incur additional medical charges in the future. Plaintiff's injury is permanent and disabling and constitutes a competent cause of physical pain and discomfort which will continue in the future. Plaintiff has been unable to attend to her normal activities of live and has suffered substantial loss of wages.

WHEREFORE, plaintiff prays for the entry of Judgment against defendant, THE HOME DEPOT USA, INC., in an amount in excess of $50,000.00 together with her costs of this action

CHERYL CULLEN,

By: _____
     Attorney for Plaintiff

No. 22071
PATRICK F. BRADLEY, LTD.
1533 Shermer Road
Northbrook, IL 60062
(847) 564-3500

FILED

DECEMBER 13, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:07-cv-07023   Document 1   Filed 12/13/2007   Page 8 of 48

07 C 7023

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**JUDGE SHADUR**
**MAGISTRATE JUDGE VALDEZ**

CHERYL CULLEN,                    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )
                                  )
THE HOME DEPOT U.S.A., INC.,      )
                                  )
            Defendant.            )

### NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. '1332, 1441 and 1446 and Local Rule 81.2, hereby provides notice of its removal of this cause for the following reasons:

1.      On or about August 23, 2007, there was commenced and is now pending in the Circuit Court of Cook County, a certain civil action under Case Number: 07 1 008884, in which CHERYL CULLEN (hereinafter, "Plaintiff") is the plaintiff, and HOME DEPOT USA, INC., a Delaware corporation (hereinafter, "Defendant"), is the defendant.[1]

2.      Plaintiff initiated the aforementioned lawsuit seeking damages for personal injuries suffered under a premises liability negligence theory. The Complaint at Law prays for damages in excess of $50,000.[2]

3.      The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein that the amount in controversy exceeds $75,000.[3]

4.      On November 9, 2007 Plaintiff responded to a Supreme Court Rule 216 Request to Admit acknowledging that the amount in controversy exceeded $75,000.00.[4]

---

[1] _See_, **Complaint at Law**, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Exhibit A.
[3] Exhibit A.



EXHIBIT

B

5.    Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further that Defendant is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal place of business in the State of Illinois.

6.    This matter involves a controversy between a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and which has its principal place of business in a state other than Illinois, on the other hand.  Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000.00).   Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

7.    This Notice of Removal is timely filed within thirty (30) days after notice that the amount in controversy will exceed Seventy Five Thousand Dollars ($75,000.00).

8.    Attached hereto and made a part hereof are copies of the following documents filed by the Plaintiffs and the Defendant in the Circuit Court of Cook County under Case Number: 07 L 8884:

-    The Complaint at Law (Exhibit A);

-    The Summons directed to Home Depot USA, Inc.;

-    Home Depot USA, Inc.'s Appearance and Jury Demand;

-    Home Depot USA, Inc.'s Answer and Affirmative Defenses;

-    Home Depot USA, Inc.'s Supreme Court Rule 213 Interrogatories to Plaintiff;

---

[4] *See,* **Plaintiff's Response to Defendant's Supreme Court Rule 216 Request to Admit,** attached hereto and incorporated herein by reference as Exhibit "B."

2

- Home Depot USA, Inc.'s Supreme Court Rule 214 Request to Produce to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 213(f) Interrogatories to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 237 and 213(e) Request to Produce to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 216 Request to Admit to Plaintiff;

To the Defendant's knowledge, no other documents, or pleadings were filed in said lawsuit.

9.  Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, as provided by law.

10.  Defendant demanded and paid the additional fee for a jury demand.  Defendant also demands this case to be tried by a jury on removal.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted:

HOME DEPOT U.S.A., INC.


By:  _____s/ Jason J. Friedl_____

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3551\Pleadings\Fed-Removal.doc

3551 JJF/BSP HD381

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERYL CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | No.    07 C 7023 |
| v. | ) | |
| | ) | Judge Shadur |
| THE HOME DEPOT U.S.A., INC., | ) | |
| | ) | Magistrate Judge Valdez |
| Defendant. | ) | |

**SECOND AMENDED NOTICE OF REMOVAL OF CAUSE**
**TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

NOW COMES the Defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. '1332, 1441 and 1446, hereby provides notice of its removal of this cause for the following reasons:

1.      On or about August 23, 2007, there was commenced and is now pending in the Circuit Court of Cook County, a certain civil action under Case Number: 07 1 008884, in which CHERYL CULLEN (hereinafter, "Plaintiff") is the plaintiff, and HOME DEPOT USA, INC., a Delaware corporation (hereinafter, "Defendant"), is the defendant.[1]

2.      Plaintiff initiated the aforementioned lawsuit seeking damages for personal injuries suffered under a premises liability negligence theory.  The Complaint at Law prays for damages in excess of $50,000.[2]

3.      The Complaint at Law fails to state sufficient facts upon which the case could be removed, as there is no indication therein that the amount in controversy exceeds $75,000.[3]

---

[1] See, Complaint at Law, attached hereto and incorporated herein by reference as Exhibit "A."
[2] Exhibit A.
[3] Exhibit A.



4.    On November 9, 2007 Plaintiff's attorney certified that he mailed to Defendant his response to a Supreme Court Rule 216 Request to Admit acknowledging that the amount in controversy exceeded $75,000.00.[4]

5.    Defendant received Plaintiff's response to a Supreme Court Rule 216 Request to Admit on November 15, 2007.[5]

6.    Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and Defendant affirmatively states further that Defendant is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal place of business in the State of Illinois.

7.    This matter involves a controversy between a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and which has its principal place of business in a state other than Illinois, on the other hand.  Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000.00).    Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

8.    This Notice of Removal is timely filed within thirty (30) days after receipt of notice that the amount in controversy will exceed Seventy Five Thousand Dollars ($75,000.00).

---

[4] See Plaintiff's Notice of Filing of Plaintiff's Answers to Request to Admit Facts, and see defense counsel's office date stamp of receipt at the bottom of attached herein and incorporated herein by reference as Exhibit "B," and Plaintiff's Response to Defendant's Supreme Court Rule 216 Request to Admit, attached hereto and incorporated herein by reference as Exhibit "C."
[5] Exhibit B.

9.    Attached hereto and made a part hereof are copies of the following documents filed by the Plaintiffs and the Defendant in the Circuit Court of Cook County under Case Number: 07 L 8884:

- The Complaint at Law (Exhibit A);

- The Summons directed to Home Depot USA, Inc.;

- Home Depot USA, Inc.'s Appearance and Jury Demand;

- Home Depot USA, Inc.'s Answer and Affirmative Defenses;

- Home Depot USA, Inc.'s Supreme Court Rule 213 Interrogatories to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 214 Request to Produce to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 213(f) Interrogatories to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 237 and 213(e) Request to Produce to Plaintiff;

- Home Depot USA, Inc.'s Supreme Court Rule 216 Request to Admit to Plaintiff;

- Plaintiff's Response  Notice of Filing of Plaintiff's Answers to Request to Admit Facts (Exhibit B);

- Plaintiff's Response to Defendant's Supreme Court Rule 216 Request to Admit (Exhibit C).

To the Defendant's knowledge, no other documents, or pleadings were filed in said lawsuit.

10.    Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, as provided by law.

11.    Defendant demanded and paid the additional fee for a jury demand.  Defendant also demands this case to be tried by a jury on removal.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that it may affect removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted:

**HOME DEPOT U.S.A., INC.**

By: _____ s/ Jason J. Friedl _____

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3551\Pleadings\Fed-Removal Amended.doc

4

Attorney No. 22071

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
#### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MRS. CHERYL CULLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| vs. | )    **07L 008884** |
| | ) |
| | ) |
| | ) |
| THE HOME DEPOT USA, INC. | ) |
| | ) |
| Defendant | ) |

2007 AUG 23 AM 11:2

### COMPLAINT AT LAW

Now comes the plaintiff, MRS. CHERYL CULLEN, by and through her attorney, PATRICK F. BRADLEY, LTD., and for her Compliant at Law against defendant, THE HOME DEPOT USA, INC., states as follows:

1. At all times mattered and relevant hereto defendant, THE HOME DEPOT USA, INC. was a corporation authorized to do business in the State of Illinois under the name "THE HOME DEPOT."

2. That on May 12, 2007 defendant owned, operated, managed and controlled a Home Depot store at 2850 Patriot Boulevard in the Village of Glenview, County of Cook.

3. That on the date aforesaid plaintiff was on the premises occupied by defendant for the purpose of purchasing merchandise from defendant; to wit: flowers. Plaintiff, at all times relevant hereto was a business invitee and was located on the premises in an area where customers were invited to view flowers for sale by defendant.



EXHIBIT
A

4.  That on the date aforesaid defendant's agents, servants and/or employees erected or placed various racks displaying flowers for sale to the public in an outdoor area of its store in Glenview, Illinois. Between such racks of displayed flowers were aisles or passageways for customer pedestrian access.

5.  That on the date aforesaid, defendant's agents, servants and/or employees placed on the ground an immediately adjacent to one such rack of displayed flowers a hose and reel to water the flowers as needed.

6.  At all times material and relevant hereto it was the duty of defendant to make its premises reasonably safe for use by its business invitees and to conduct inspections of its premises to discover dangerous conditions which existed thereon.

7.  That notwithstanding the aforesaid duty and contrary thereto, defendant was guilty of one or more of the following careless acts and/or omissions:

    (a)    Carelessly placed a watering hose and reel in an aisle or passageway which defendant knew would be used by its business invitees and which created a trip and fall hazard.

    (b)    Carelessly failed to conduct periodic inspections of its premises to discover and remedy hazardous conditions.

    (c)    Carelessly failed to remove the hose and reel even though defendant knew or should have known that its business invitees would be attracted to viewing the flowers on its display racks and distracted from objects on the ground.

8.  That as a direct and proximate result of one or more of the aforesaid acts and/or omissions, plaintiff, while entering one such aisle or passageway, and while viewing flowers on upper shelf of a display rack, was caused to and did trip on a hose extending from a hose reel and was thrown to the ground. In consequence, and as a direct and proximate result of one or more of the careless acts and/or omissions of defendant,

plaintiff sustained severe and permanent injury to her upper right extremity. Said injury has caused plaintiff to incur and become liable for medical and hospital charges and she will with reasonable certainty incur additional medical charges in the future. Plaintiff's injury is permanent and disabling and constitutes a competent cause of physical pain and discomfort which will continue in the future. Plaintiff has been unable to attend to her normal activities of live and has suffered substantial loss of wages.

WHEREFORE, plaintiff prays for the entry of Judgment against defendant, THE HOME DEPOT USA, INC., in an amount in excess of $50,000.00 together with her costs of this action

CHERYL CULLEN,

By: _____
Attorney for Plaintiff

No. 22071
PATRICK F. BRADLEY, LTD.
1533 Shermer Road
Northbrook, IL 60062
(847) 564-3500

2120 – Served                  2121 – Served
2220 – Not Served              2221 – Not Served
2320 – Served By Mail          2321 – Served By Mail
2420 – Served By Publication   2421 – Served By Publication
SUMMONS                        ALIAS - SUMMONS        CCG N001-10M-1-07-05 (                              )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __LAW__ DIVISION

(Name all parties)

MRS. CHERYL CULLEN

} 07L 008884

v.

THE HOME DEPOT USA, INC.

No. _____

PLEASE SERVE:

Illinois Corp. Service C
801 Adlai Stevenson Drive
Springfield, IL 62703

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐  Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐  District 2 - Skokie        ☐  District 3 - Rolling Meadows    ☐  District 4 - Maywood
   5600 Old Orchard Rd.          2121 Euclid                        1500 Maybrook Ave.
   Skokie, IL 60077              Rolling Meadows, IL 60008          Maywood, IL 60153

☐  District 5 - Bridgeview     ☐  District 6 - Markham            ☐  Child Support
   10220 S. 76th Ave.            16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
   Bridgeview, IL 60455         Markham, IL 60426                  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: ___22071___                          WITNESS, _____,

Name: ___PATRICK F. BRADLEY, LTD.___            DOROTHY BROWN AUG 2 3 2007

Atty. for: _____                 _____
Address: ___PLAINTIFF___                                    Clerk of Court
         ___1533 SHERMER ROAD___
City/State/Zip: ___NORTHBROOK, IL 60062___      Date of service: _____
                                                (To be inserted by officer on copy left with defendant
Telephone: ___847-564-3500___                                or other person)
Service by Facsimile Transmission will be accepted at: _____

                                                _____
                                                (Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3551 JPS/JPS HD381

Firm No. 08079

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
2007 OCT 12 PM 3: 47

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

DOROTHY BROWN-CLERK

CHERYL CULLEN,

    Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

    Defendant

)
)
)
)
)
)
)
)
)

Court No.   07 L 8884

### APPEARANCE AND JURY DEMAND

The undersigned, as attorney, enters the appearance of the Defendant:

**HOME DEPOT U.S.A., INC.**



......................................................................................................

   ***Defendant demand trial by jury.

Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street – Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\jf\3443\Pleadings\AppJD.doc

   I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

Jason J. Friedl

3551 JPS/JPS HD381                                              Firm No. 08079

FILED

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

2007 OCT 12  PM 3:47

CHERYL CULLEN,

        Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

        Defendant

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

CLERK
DOROTHY BROWN

Court No.   07 L 8884

## HOME DEPOT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the defendant, HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and hereby responds to the Plaintiff's Complaint At Law, as follows:

1.      The defendant admits the allegations set forth in Paragraph 1 of the Complaint.

2.      The defendant admits only to the presence of the Home Depot store at 2850 Patriot Boulevard, in the village of Glenview, county of Cook, state of Illinois as alleged in Paragraph 2 of the Complaint at Law.

3.      The defendant admits that an individual identifying herself as "Cheryl Cullen" was present on the premises identified, but has insufficient information to admit or deny the purpose for her presence and demands strict proof thereof. Further, this defendant makes no response to the legal conclusions set forth in Paragraph 3, to wit, the legal status of the individual identified as "Cheryl Cullen."

4.      This defendant admits to the presence of items for sale at the location alleged, but denies the characterization of "aisles" or "passageways."

5.     This defendant, Home Depot U.S.A., Inc., admits only to the presence of a hose and reel in the area described and denies all other allegations set forth in Paragraph 5 of the Complaint.

6.     Paragraph 6 seeks to allege the existence of a duty. The existence of a duty is a question of law, not an allegation of fact. This defendant, Home Depot U.S.A., Inc., admits only to such duties as are imposed by law.  If any portion of Paragraph 6 of the Complaint is deemed an allegation of fact, such fact is denied.

7.     This defendant, Home Depot U.S.A., Inc., denies the allegations set forth in Paragraph 7 of the Complaint, inclusive of subparagraphs (A) – (C).

8.     This defendant, Home Depot U.S.A., Inc., denies the allegations set forth in Paragraph 8 of the Complaint

WHEREFORE, the defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees and expenses.

Respectfully submitted:

By:  _____
            Jason J. Friedl

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jf\3443\Pleadings\Answer.doc

2

## CERTIFICATE OF INSUFFICIENT KNOWLEDGE

I, Jason J. Friedl, an attorney representing the defendant, Home Depot U.S.A., Inc., have read

Home Depot U.S.A., Inc.'s Answer to Plaintiff's Complaint at Law and state that I have

insufficient knowledge concerning the noted allegations in the plaintiff's Complaint at Law

to deny or answer them.


                          Jason J. Friedl
                          One of the Attorneys for Defendant,
                          Home Depot U.S.A., Inc.


Subscribed and sworn to
before me this _12th_ day of
_October_, 2007.

Notary Public

"OFFICIAL SEAL"
Josefina Rojas
Notary Public, State of Illinois
My Commission Expires June 6, 2011


PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
(312) 427-3900


3

3551 JPS/JPS HD381

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |  |
|---|---|---|---|
| CHERYL CULLEN, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Court No. | 07 L 8884 |
| | ) | | |
| THE HOME DEPOT U.S.A., INC., | ) | | |
| Defendant | ) | | |

### AFFIRMATIVE DEFENSES

NOW COMES the defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint at Law, hereby pleads the following as its first affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that CHERYL CULLEN suffered the injuries and damages as alleged in her Complaint, which injuries and damages are specifically denied, those injuries or damages were proximately caused *in toto* by the superceding and/or intervening act of negligence of other persons over whom this defendant had no control, no right to control and for whose actions this defendant is not liable.

### SECOND AFFIRMATIVE DEFENSE

If CHERYL CULLEN was on the premises alleged on or about May 27, 2006, then CHERYL CULLEN was guilty of one or more or all of the following negligent acts and/or omissions:

    a.    Failed to exercise due care and caution for her own safety;

    b.    Failed to keep a proper lookout to ensure his own safety;

    d.    Attempted to walk/cross over an area without first seeking to ascertain her ability to do so in a safe manner;

4

e.      Upon observing of potential risk, assumed the dangers obviously inherent therein and was otherwise responsible for the resulting injuries;

f.      Was otherwise careless and negligent in failing to keep a look out for her own personal safety.

The negligent acts and/or omissions of CHERYL CULLEN were the sole and proximate cause of her injuries.   To the extent that the negligence of CHERYL CULLEN is greater than fifty percent (50%), the defendant, HOME DEPOT, U.S.A., INC. is entitled to dismissal in this matter with prejudice.

The negligent acts and/or omissions of CHERYL CULLEN were a proximate cause of her accident and the alleged injuries resulting therefrom; and, Home Depot U.S.A., Inc. is entitled to a dismissal with prejudice or, alternatively, a reduction in judgment, if any, in an amount proportional to the percentage of fault attributable to CHERYL CULLEN.

### THIRD AFFIRMATIVE DEFENSE

If Home Depot U.S.A., Inc., is found liable to the plaintiff in any amount whatsoever, the liability of Home Depot U.S.A., Inc., is less than twenty-five percent (25%) of the total fault attributable to CHERYL CULLEN, the defendant sued by the plaintiff and/or any third-party defendant who could have been sued by the plaintiff.  Therefore, the defendant, if found liable, would be severally liable for all damages.

### FOURTH AFFIRMATIVE DEFENSE

The condition as alleged in the complaint of CHERYL CULLEN was open and obvious and therefore there is no duty on the part of Home Depot U.S.A., Inc., to the plaintiff, and accordingly, the complaint should be dismissed.

Respectfully Submitted,

By: _____

Jason J. Friedl

Purcell & Wardrope Chtd.
10 South LaSalle Street, Suite 1200
Chicago, Illinois 60603
(312) 427-3900
F:\Jjf\3443\Pleadings\Answer.doc

3551 JPS/JPS HD381

Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHERYL CULLEN,

      Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

      Defendant

)
)
)
)
)
)
)
)
)
)

FILED

2007 OCT 12  PM 3: 47

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

CLERK
DOROTHY BROWN

Court No.    07 L 8884

### SUPREME COURT RULE 213 INTERROGATORIES TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., by its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following Interrogatories pursuant to Illinois Supreme Court Rule 213 to be answered by the plaintiff, CHERYL CULLEN, within twenty-eight (28) days upon receipt hereof:

    1.    State your full name, age, date of birth, address and the last four digits of your social security number.

**ANSWER:**

    2.    State the full names and addresses of each person who witnessed or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

    3.    State the full name and address of each person not named (in 2) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

**ANSWER:**

4.    Describe the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

5.    With regard to said injuries, state:

a.    The name and address of each attending physician;
b.    The name and address of each consulting physician;
c.    The name and address of each person or laboratory taking an x-ray of you;
d.    The date or inclusive dates on which each of them rendered you service;
e.    The amounts to date of their respective bills for service; and,
f.    From which of them do you have written reports?

**ANSWER:**

6.    As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic?  If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7.    Please state the name and address of your *last* employer(s) at the time of the subject accident, and at the present.  If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from home you lost time and wages.

**ANSWER:**

8.    Has any person, insurance company other entity paid any bills or expenses as a result of this incident?  If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**

9.      State any and all expenses or losses you claim as the result of said occurrence.

**ANSWER:**


10.      For each witness who will offer any opinion testimony at trial, please state the following:

    a.      The name and address of the witness;
    b.      The subject matter on which the opinion witness is expected to testify;
    c.      The conclusions and opinions of the opinion witness and the bases thereof; and
    d.      The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**


11.      During the five years immediately prior to the date of said occurrence, had you been confined to a hospital, treated by a physician, or x-rayed for any reason other than personal injury?  If so, give the name and address of each such facility or professional, the approximate date of such confinement or service, and *state the reason for such confinement or service.*

**ANSWER:**


12.      Prior to the date of said occurrence, had you suffered any personal injury requiring medical treatment?  If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**


13.      Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence?  If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

14.    Have you ever filed any other lawsuit or worker's compensation claim for personal injury? If your response is in the affirmative, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

15.    Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

17.    Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

**ANSWER:**

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.    Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

a.    The nature and frequency of said complaint or disability; and,

b.    What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20. Please state the time of day when the subject incident occurred, and describe completely the lighting conditions at the time and place of the occurrence, indicating the amount of natural light and the amount of artificial lighting.

**ANSWER:**

21. In regard to the hazardous items identified in the Complaint, please state the following:

a. A description of your actions preceding the alleged incident;

b. A description of the "watering hose and reel," inclusive of the dimensions of the alleged trip hazard and a description of whether said hose and reel appeared to be a item offered for sale;

c. A description of the height of the hose at the place where you alleged to have fallen;

d. A description of how long the alleged unsafe condition existed and by whom specifically, if known, it was created; and

e. A description of any items or persons that prevented the plaintiff from observing the alleged hazard.

**ANSWER:**

Respectfully submitted,

By: _____

Jason J. Friedl

PURCELL & WARDROPE CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jf\3551\Discovery\S.Ct.R.213.doc

5

3551 JPS/JPS HD381

FILED

Firm No. 08079

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CHERYL CULLEN,

　　　　　　Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

　　　　　　Defendant

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

_____CLERK
DOROTHY BROWN

)
)
)
)
)
)
)
)

Court No.　　07 L 8884

## SUPREME COURT RULE 214 REQUEST TO PRODUCE TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT U.S.A., INC., by and through its

attorneys, PURCELL & WARDROPE, CHTD., and pursuant to Supreme Court Rule 214,

requests that the plaintiff, CHERYL CULLEN, produce for inspection and copying within

twenty-eight (28) days hereof, the following:

### DEFINITIONS

As used herein, the words and phrases have the meaning or meanings prescribed for

them:

1.　　The word "document" or "documents" shall mean every original (and every copy
of any original or copy which differs in any way from the original) of every
writing or recording of every kind or description, whether hand written, typed,
drawn, sketched, printed or recorded by any physical, mechanical, electronic or
electrical means whatsoever, including without limitation, books, records, papers,
pamphlets, brochures, circulars, advertisements, blueprints, maps, plats, surveys,
drawings, sketches, graphs, charts, plans, laboratory or engineering reports,
correspondence, communications, telegrams, memoranda, notes, notebooks,
worksheets, reports, lists, analyses, summaries, ledgers, accounts, inventories, tax
returns, financial statements, profit and loss statements, cash flow statements,
balance sheets, annual or other periodic reports, prospectuses, registrations,
solicitations, minutes, stock ledgers, stock certificates, licenses, permits,
calendars, appointment books, diaries, telephone bills and toll call records,
expense reports, commission statements, itineraries, agendas, payroll records,
checkbooks, cancelled checks, receipts, contracts, agreements, instruction
assignments, applications, offers, acceptances, proposals, financial statements,
documents of title, appraisals, purchase orders, invoices, bills of lading, written

memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records.

2.    "Related to" or "relating to" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

3.    "Identification" or "identify" shall mean as to a document or agreement, stating:

    a.    The date of its creation, execution and receipt;

    b.    Its author or signatory;

    c.    Its addressee and every other recipient or person having knowledge of its contents or whereabouts;

    d.    Its type or nature (e.g. letter, memorandum, etc.) including its subject matter (which shall be stated with particularity);

    e.    The number of pages, pieces or units contained therein or forming a part thereof;

    f.    The name and business and home address of the custodian of the document;

    g.    The present location of the document.

## INSTRUCTIONS

In construing this request:

1.    The singular shall include the plural and the plural shall include the singular.

2.    A masculine, feminine or neuter pronoun shall not exclude the other genders.

3.    Each request shall extend to all documents which are or have been in the possession or subject to the control of the Plaintiff, and all persons subject to its direction or control at any time during the period of time covered by this request.

4.    With respect to any document, the production of which is objected to on the ground of any claim of privilege or for any other reason, Plaintiff shall identify the document and shall further:

    a.    State the nature of the claim of privilege or other ground of objection;

    b.    State all facts relied upon in support of the claim of privilege or other ground of objection or related thereto;

    c.    Identify all documents related to the claim of privilege or other ground of objection;

    d.    Identify all persons having knowledge of any facts related to the claim of privilege or other ground

of objection;

e.    Identify all events, transactions or occurrences
related to the claim of privilege or other ground
of objection.

## DOCUMENTS REQUESTED

1.    Any and all photographs, slides, diagrams, maps, schematics, graphs, motion pictures and any other illustrated representation of the alleged defective conditions or of the subject premises, whether made prior to or after the plaintiff's accident.

**RESPONSE:**

2.    Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

**RESPONSE:**

3.    List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

**RESPONSE:**

4.    Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

**RESPONSE:**

5.    A copy of any and all written communications received by you from this defendant relative to said accident or claim.

**RESPONSE:**

6.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.
**RESPONSE:**

3

7. All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

**RESPONSE:**


8. Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

**RESPONSE:**


9. Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

**RESPONSE:**


10. Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

**RESPONSE:**


11. Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

**RESPONSE:**


12. Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

**RESPONSE:**


13. Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

**RESPONSE:**


14. Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

4

**RESPONSE:**

15.    Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

**RESPONSE:**

16.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

**RESPONSE:**

17.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior or subsequent claims, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

**RESPONSE:**

18.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

**RESPONSE:**

19.    Any report of any inspection of the premises, of the shelving unit, or about the place where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

**RESPONSE:**

20.    A list giving the names, addresses and specialties of all opinion witnesses, and any written reports, notations, measurements, raw data, photographs, diagrams, or other investigative material generated or relied upon by any such opinion witnesses.

**RESPONSE:**

21. Any and all reports rendered by any witness whom you expect to provide opinion testimony at arbitration or trial.

**RESPONSE:**

22. The statements, reports, notes, memoranda, and any other document prepared by any expert who may be called as a witness at arbitration or trial.

**RESPONSE:**

23. A list of all attorneys and/or law firms, and cases (including court numbers), for which any retained witness that the plaintiff intends to call at arbitration or trial reviewed records, deposition transcripts, and/or testified at deposition, arbitration or at trial within the past five (5) years.

**RESPONSE:**

24. Copies of those portions of all 1040 Income Tax Returns, Form W-2 or Form 1099 for any retained witness that the plaintiff intends to call at arbitration or trial for the past three (3) years that evidence the amount of income earned as an expert witness, and any income earned in his/her occupation for which he/she is being called as opinion witness.

**RESPONSE:**

25. Copies of all correspondence, with attachments, sent by plaintiff and his counsel to any retained witness that the plaintiff intends to call at arbitration or trial or sent by any retained witness that the plaintiff intends to call at arbitration or trial to plaintiff or his counsel.

**RESPONSE:**

26. Copies of all itemized statements or bills for any retained witness that the plaintiff intends to call at arbitration or trial charged in connection with this litigation.

**RESPONSE:**

27. Copies of all itemized statements or bills for any retained witness that the plaintiff intends to call at arbitration or trial charged to plaintiff's counsel for work in relation to any litigation over the past three (3) years.

**RESPONSE:**

28.    Copies of all reports of any retained witness that the plaintiff intends to call at arbitration or trial submitted by any attorney employed with Gunter & Frangella in Supreme Court Rule 213 disclosures in any filed suit within the past three (3) years.

**RESPONSE:**

29.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

**RESPONSE:**

30.    Any statement of the plaintiff if given to some person or entity other than his attorney.

**RESPONSE:**

31.    An affidavit that the responses to these production requests is complete in accordance with the request.

**RESPONSE:**

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence alleged in the plaintiff's Complaint at Law and shall not be deemed an admission of the allegations.

The plaintiff is requested to make such production at the offices of **PURCELL & WARDROPE, CHTD.**, 10 South LaSalle Street, Suite 1200, Chicago, Illinois.



Respectfully submitted,

By: _____

Jason L. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujt\3551\Discovery\S.Ct.R.214.doc

7

3551 JPS/JPS HD381                                               Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHERYL CULLEN,                    2007 OCT 12) PM 3: 47

        Plaintiff,                CIRCUIT COURT OF COOK
                                  COUNTY, ILLINOIS
                                  LAW DIVISION
v.                                      ) cl Court No.      07 L 8884
                                  DOROTHY BROWN
                                        CLERK
THE HOME DEPOT U.S.A., INC.,      )
                                  )
        Defendant         )

## SUPREME COURT RULE 213(f) INTERROGATORIES TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT, U.S.A., INC., incorrectly sued as "THE HOME DEPOT, INC.," by and through its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to Illinois Supreme Court Rule 213(f), requests that the following Interrogatories be answered by CHERYL CULLEN within twenty-eight (28) days upon receipt thereof.

    1.    With respect to all witnesses you intend to call at trial, fully disclose the identity and address of each witness.

**ANSWER:**


    2.    For each **lay** witness as defined by Supreme Court Rule (f)(1), describe the subject on which the witness will testify and any facts or lay opinions you know the witness will offer.

**ANSWER:**


    3.    For each **independent expert witness** as defined by Supreme Court Rule 213(f)(2), identify the subjects on which each such witness will testify, setting forth a detailed statement of the opinions you expect to elicit from the witness and any opinions you know the witness will offer, and provide any and all reports prepared by the witness about the case known to you.

**ANSWER:**

4.     State the name, address, telephone number, job title and occupation of each and every person you may call as a **controlled expert witness** as defined by Supreme Court Rule 213(f)(3) at the trial of this cause.

ANSWER:

5.     For each such controlled expert witness, state the fields of knowledge or areas within which said individual is an expert and/or has expertise.

ANSWER:

6.     For each identified controlled expert witness, state the subject matter on which said witness is expected to testify.

ANSWER:

7.     Identify each and every report prepared by every controlled expert witness identified in Answer to Interrogatory No. 4 above, indicating whether said report was submitted in oral form, written form or both. If a written report, statement or other document was prepared, attached a copy of each such report, statement or document to these Answers to Interrogatories pursuant to Supreme Court Rule 214.

ANSWER:

8.     With regard to each controlled expert witness disclosed herein, state whether each such witness has examined, inspected or tested the product, instrumentality, scene of the accident, or any party to this litigation. If your answer is anything other than an unqualified "no", state as follows:

    a.     The date or dates of each such examination, inspection or test, and the location where said examination inspection or test took place.
    b.     The nature of each such examination, inspection or test (visual, photographic, microscopic, etc.) identifying the parts, components, instrumentality, accident site or persons who were examined, inspected or tested;
    c.     The name, address and title of all persons present during such examination, inspection or testing;
    d.     Whether documentation of said examination inspection or test was created in written, photographic, audio or video format.

2

**ANSWER:**

9. State with particularity the conclusions and opinions that each controlled expert witness has formed.

**ANSWER:**

10. State with particularity the basis or bases for each conclusion or opinion identified in the preceding Interrogatory.

**ANSWER:**

11. Identify and provide copies of all documents provided to each controlled expert witness by you or your counsel.

**ANSWER:**

12. Identify all documents relied upon by each controlled expert witness in reaching each opinion or conclusion.

**ANSWER:**

13. State the name, author, publisher, (pages) and date of publishing of all texts, articles, journals or medical literature upon which each said controlled expert witness relied.

**ANSWER:**

14. State the name, author, publisher, (pages) and the date of publishing of all texts, articles, journals or medical literature which plaintiffs counsel intends to use at the trial of this matter in the cross examination of any of the defendants experts.

**ANSWER:**

15.    State with specificity the qualifications of each controlled expert witness identified in Answer to Interrogatory No. 4 above and for each said witness, attached a current curriculum vitae.

**ANSWER:**


16.    With respect to each controlled expert witness identified in Answer to Interrogatory No. 4 above, identify by court, case number and case name, each and every case within which said controlled expert witness has rendered testimony either at deposition or trial, and identify the name, firm and address of the attorney retaining the services of said controlled expert witness.

**ANSWER:**



Respectfully submitted,

By: _____

Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Jjf\3551\Discovery\S.Ct.R.213(f).doc

4

3551 JPS/JPS HD381

Firm No. 08079

FILED

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CHERYL CULLEN,

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
LAW DIVISION

    Plaintiff,

CLERK
DOROTHY BROWN

v.

THE HOME DEPOT U.S.A., INC.,

    Defendant

    Court No.    07 L 8884

## DEMAND FOR PRODUCTION PURSUANT TO SUPREME COURT RULE 237 AND 213(E) TO PLAINTIFF

Now comes the defendant, HOME DEPOT USA, INC., by and through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the plaintiff, CHERYL CULLEN, produce at the time of arbitration and trial in the above case, and such production to continue throughout the entire course of this lawsuit for arbitration and trial, pursuant to 237 & 213(e), of the Rules of the Supreme Court of the State of Illinois, the following persons and documents:

1.    It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of the jury, the identity and last known address of all persons and organizations in addition to those previously disclosed, having knowledge of the facts relevant to this lawsuit.

2.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce **CHERYL CULLEN** at the time of arbitration and trial for examination under 2-1102 of the Illinois Code of Civil Procedure.

3.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce immediately upon commencement of the arbitration and upon assignment of this matter for trial (unless otherwise herein indicated), and prior to the selection of a jury, the following original documents or tangible things or copies of same if originals are not available:

a.  Any and all photographs of the alleged defective conditions or of the subject premises, whether made prior to or after the plaintiff's accident.

b.  Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

c.  List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.  Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.  A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f.  A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g.  All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h.  Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

i.  Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j.  Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.  Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.  Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m.  Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n.  Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.  Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

2

p.   Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.   Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning any and all prior and/or subsequent claims, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.   All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.   Any report of any inspection of the premises, the merchandise described in the plaintiff's Complaint at Law, or about the place where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

t.   Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.   Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

Respectfully submitted,

By: _____
      Jason J. Friedl

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3551\Discovery\S.Ct.R.237.doc

3

3551 JPS/JPS HD381                                                    Firm No. 08079

FILED

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CHERYL CULLEN,                     CIRCUIT COURT OF COOK
                                   COUNTY, ILLINOIS
                                   LAW DIVISION
            Plaintiff,             )
                                   )——————CLERK
                                   DOROTHY BROWN
v.                                 )
                                   )    Court No.    07 L 8884
                                   )
THE HOME DEPOT U.S.A., INC.,       )
                                   )
            Defendant              )

## REQUEST TO ADMIT FACT DIRECTED TO PLAINTIFF

NOW COMES the defendant, HOME DEPOT, U.S.A., INC., by and through its
attorneys, PURCELL & WARDROPE, CHTD., and hereby requests the Plaintiff, CHERYL
CULLEN, pursuant to Illinois Supreme Court Rule 216, to admit or deny the following within
twenty-eight (28) days hereof:

1.     The amount of any controversy in this case, including any and all claims of future
damages, is in excess of seventy-five thousand dollars ($75,000), exclusive of any interest and/or
costs.

2.     The time of filing her Complaint on August 23, 2007, the plaintiff, CHERYL
CULLEN, was a resident of the state of Illinois.

3.     The time of filing her Complaint on August 23, 2007, the plaintiff, CHERYL
CULLEN, was not an underlying and *not* a resident of the state of Delaware, nor of the state of
Georgia.

4.     Pursuant to Supreme Court Rule 126, the above facts will be admitted unless,
within said twenty-eight (28) days, the plaintiff files and/or serves a sworn denial, or written

objections of the ground that the requested admissions are privilege, irrelevant, or otherwise improper.

Respectfully submitted,



By: _____

Jason J. Friedl

PURCELL & WARDROPE CHTD
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\Ujf\3551\Discovery\S.Ct.R.216.doc

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CHERYL CULLEN,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )
                                        )       No.  07 L 8884
                                        )
THE HOME DEPOT U.S.A., INC.             )
                                        )
            Defendant                   )

### NOTICE OF FILING

To: Jason J. Friedl, Esq.
    Purcell & Wardrope, Chtd.
    10 South LaSalle St., Suite 1200
    Chicago, Illinois, 60603

      YOU ARE HEREBY NOTIFIED that on **November 9, 2007** plaintiff caused to be filed in the office of the Clerk of the Circuit Court of Cook County **Plaintiff's Answers To Request To Admit Facts** a copy of which is attached hereto.

                              By: _____
                                     Patrick F. Bradley

#22071
PATRICK F. BRADLEY, LTD.
1533 Shermer Road
Northbrook, Illinois, 60062
(847) 564-3500

### CERTIFICATE OF SERVICE

      The undersigned certifies pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure that I mailed copies of the aforesaid documents to each party above identified on November 9, 2007.

                              _____
                                     Patrick F. Bradley

EXHIBIT
B

NOV 1 5 2007

Attorney No. 22071

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MRS. CHERYL CULLEN,                    )
                                       )
                    Plaintiff,         )
                                       )
                                       )
                                       )
            vs.                        )          No. 07 L 8884
                                       )
                                       )
                                       )
THE HOME DEPOT USA, INC.               )
                                       )
                    Defendant          )

### PLAINTIFF'S ANSWERS TO REQUEST TO ADMIT FACTS

NOW COMES the plaintiff, CHERYL CULLEN, by and through her attorney,

PATRICK F. BRADLEY, LTD., and for her answers to the Request to Admit Facts

pursuant to Illinois Supreme Court Rule 216, states as follows:

1.     Plaintiff admits that her claim for damages in this cause exceeds the sum of

$75,000.00 exclusive of interest and costs.

2.     Plaintiff admits that at all times relevant hereto she was a resident of the state of

Illinois.

3.     Plaintiff admits that on August 23, 2007 she was not a resident of the state of

Delaware, nor the state of Georgia.

4.     Plaintiff makes no answer to the assertions of paragraph four.

Respectfully submitted,

By: _____
Her Attorney

No. 22071
Patrick F. Bradley Ltd.
1533 Shermer Road
Northbrook, IL 60062
(847) 564-3500

EXHIBIT
C